circumstances of this case made it unusually difficult for me to come to any confident judgment about possible entitlement to relief in the short time of some 90 minutes between our receipt of the ruling of the Court of Appeals and the time then set for petitioner's execution. This was so in part because the grounds for relief raised by petitioner included claims under *Strickland* v. *Washington*, 466 U. S. 668 (1984), and *Giglio* v. *United States*, 405 U. S. 150 (1972), on each of which there were potential evidentiary issues dependent on a state-court record, subject to conditional deference by the District Court under 28 U. S. C. § 2254(e). My own difficulty reflected disagreement within the Court of Appeals over the adequacy of less than a day's time (instead of the normal briefing and argument period) for that court to review the soundness of the District Court's reliance on the state-court evidence and findings. Given the importance of adequate review on a first (and, presumably, only) federal habeas petition, I voted to stay the execution to allow further time to examine claims coming to us in such unusual circumstances.

No. 96–1987. NIPPON PAPER INDUSTRIES CO., LTD. *v.* UNITED STATES, *ante*, p. 1044;

No. 96–8341. COOKSEY *v.* BOWERSOX, SUPERINTENDENT, POTOSI CORRECTIONAL CENTER, *ante*, p. 1027;

No. 97–39. NAUMOV *v.* UNIVERSITY OF PITTSBURGH, *ante*, p. 859;

No. 97–515. TSIPOURAS *v.* MESHBESHER, BIRRELL & DUNLAP, LTD., ET AL., *ante*, p. 982;

No. 97–588. HARRIS *v.* NEW JERSEY, *ante*, p. 997;

No. 97–5242. IN RE CLARK, *ante*, p. 805;

No. 97–5243. IN RE CLARK, *ante*, p. 805;

No. 97–5244. IN RE CLARK, *ante*, p. 805;

No. 97–5282. POLLEY *v.* UNITED STATES, *ante*, p. 1016;

No. 97–5351. BORROTO *v.* UNITED STATES, *ante*, p. 889;

No. 97–5621. SLAGEL *v.* SHELL PETROLEUM, INC., ET AL., *ante*, p. 934;

No. 97–5841. JACKSON *v.* JOHNSON ET AL., *ante*, p. 956;

No. 97–6000. STRABLE *v.* SOUTH CAROLINA, *ante*, p. 972;

No. 97–6070. CONNELLY *v.* BOROUGH OF FOREST HILLS, PENNSYLVANIA, *ante*, p. 959;

No. 97–6117. MATHIS *v.* CIAMBRONE ET AL., *ante*, p. 1000;

1144

No. 97–6136. CARRASQUILLO v. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, *ante*, p. 972;

No. 97–6278. MCKELLIP v. SORRELL, ANDERSON, LEHRMAN, WANNER & THOMAS ET AL., *ante*, p. 1017;

No. 97–6306. ERDMAN v. GRAYSON, WARDEN, *ante*, p. 1018;

No. 97–6372. IN RE TYLER ET AL., *ante*, p. 1027;

No. 97–6415. COSGROVE v. SEARS, ROEBUCK & CO., *ante*, p. 1004;

No. 97–6620. SWAIN v. DETROIT BOARD OF EDUCATION ET AL., *ante*, p. 1057;

No. 97–6738. MCDERMOTT v. KANSAS ASSOCIATES, INC., *ante*, p. 1060;

No. 97–6832. REIDT v. UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, *ante*, p. 1061; and

No. 97–7035. WALETZKI v. UNITED STATES, *ante*, p. 1067. Petitions for rehearing denied.

No. 97–718. REYNOLDS v. UNITED STATES, *ante*, p. 998. Motion of petitioner for leave to proceed further herein *in forma pauperis* granted. Petition for rehearing denied.

No. 97–6389. GERWIG v. NEWMAN ET AL., *ante*, p. 1031. Motion for leave to file petition for rehearing denied.

FEBRUARY 24, 1998

No. 97–8054 (A–641). IN RE POWELL. Application for stay of execution of sentence of death, presented to JUSTICE THOMAS, and by him referred to the Court, denied. Petition for writ of habeas corpus denied. JUSTICE STEVENS would grant the application for stay of execution.

FEBRUARY 27, 1998

No. 97–1374. CLINTON, PRESIDENT OF THE UNITED STATES, ET AL. v. CITY OF NEW YORK ET AL. Appeal from D. C. D. C. Motion of the parties to expedite consideration and to expedite briefing schedule granted. Probable jurisdiction noted. Brief of the Solicitor General is to be filed with the Clerk and served upon